IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FINISHMASTER, INC., )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV409-090
 )
POGO AUTOWORKS, LLC, )
CHRISTOPHER GRAHAM d/b/a POGO'S )
AUTOWORKS, and CHRISTOPHER )
GRAHAM, individually, )
 )
    Defendants. )
 )

## O R D E R

Before the Court is Defendants' Motion to Dismiss, challenging whether Plaintiff has satisfied the $75,000 amount in controversy requirement for diversity jurisdiction. (Doc. 15.) Plaintiff contends that it has. (Doc. 17.) For the following reasons, the Court finds that Plaintiff has satisfied the amount in controversy requirement and subject matter jurisdiction is proper. Accordingly, the Motion is **DENIED**.

### BACKGROUND

Plaintiff filed this case under this Court's diversity jurisdiction, alleging that Defendants breached a contract regarding the sale of paint. (Doc. 1.) That contract established Plaintiff as Defendants' exclusive paint supplier and required Defendants to purchase at least $439,000 of paint. (Doc. 16 ¶ 9.) The contract further contained a liquidated

damages clause, specifying damages in the event of a breach. (Id. ¶ 10.)

Plaintiff contends that Defendants breached the contract both by purchasing paint from third parties and by failing to pay for delivered paint. (Doc. 16 ¶¶ 12, 13.) Plaintiff seeks liquidated damages in the amount of $72,041.55[1] and attorney's fees, which are provided for in the contract. (Doc. 16 at 8.) Defendants contest this amount. (Doc. 21 at 4-5.)

In the Motion to Dismiss, Defendants contend that diversity jurisdiction does not exist because Plaintiff pled the amount in controversy in bad faith. (Docs. 15, 21.) Plaintiff contends that it has met the amount in controversy requirement. (Doc. 17.) The Court now considers this jurisdictional question.

## ANALYSIS

Federal courts are courts of limited jurisdiction. In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim an amount in controversy that exceeds $75,000 and complete diversity of the parties.[2] 28 U.S.C.

---

[1] Initially, Plaintiff sought both liquidated damages and recompense for missing equipment. (Id.) Defendants responded that damages for lost equipment were inappropriate. (Doc. 15 at 1-2.) Plaintiff then amended their Complaint to exclude these damages, apparently conceding the veracity of Defendants' assertion. (Doc. 16.) Therefore, the damages for equipment are not a part of the amount in controversy in this case.

[2] Complete diversity requires a "controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other

2

§ 1332. "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). "Generally, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'"[3] Federated Mut., 329 F.3d at 807 (quoting St. Paul, 303 U.S. at 289). The amount in controversy includes not only general damages, but also attorney's fees when the attorney's fees are provided for by contract. Federated Mut., 329 F.3d at 808 n.4.

Little analysis is required to see that jurisdiction exists. As Defendants concede, the attorney's fees in this case are provided for by contract (Doc. 21 at 3), and must be included in the amount in controversy, Federated Mut. Ins. Co., 329 F.3d at 808 n.4. Even assuming, arguendo, that Defendants are correct that the liquidated damages total only $66,796.95 (Doc. 21 at 4), the addition of reasonable attorney's fees raises the amount in controversy over $75,000. Indeed,

---

side." City of Indianapolis v. Chase Nat'l Bank of City of N.Y., 314 U.S. 63, 69 (1941). Here, Plaintiff is an Indiana corporation while all three Defendants are residents of Georgia. (Doc. 16 at 1-2.) Accordingly, the requirement of complete diversity is satisfied.

[3] The burden of showing that jurisdiction is established rests with the party invoking diversity jurisdiction. Gibbs v. Buck, 307 U.S. 66, 72 (1939). Here, the burden is on the Plaintiff.

3

Plaintiff has already incurred $4,394.70 in attorney's fees. (Doc. 17, Exs. 1, 2.) Adding this amount to Defendants' asserted liquidated damages totals $71,190.50, requiring Plaintiff to incur only an additional $4,000 in attorney's fees to satisfy the $75,000 jurisdictional requirement. It is axiomatic that Plaintiff will incur such fees before this case is completed. See, e.g., Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) ("The court therefore agrees with the district court that a reasonable attorney's fee alone, when added to the $41,028.51, would push the amount of plaintiff's claim in Count III above $50,000."), Peacock & Peacock, Inc. v. Stuyvesant Ins. Co., 332 F.2d 499, 502 (8th Cir. 1964) ("Although we are not here favored with ad [sic] definite allegation as to the amount of the attorneys' fee and the pleadings in this respect therefore fall short of desirable specificity, we are satisfied that the general assertion in the petition for removal as to aggregate amount is sufficient."), Gerig v. Krause Publ'n, Inc., 58 F. Supp. 2d 1261 (D. Kan. 1999). Accordingly, the amount in controversy requirement is satisfied.

Defendants do not seriously contest the sufficiency of Plaintiff's actual damages with respect to the amount in controversy requirement. (Doc. 21.) Instead, Defendants contend that Plaintiff pled some damages in bad faith,

4

destroying subject matter jurisdiction regardless of the actual amount in controversy. (Doc. 21 at 4-5.) Defendants are mistaken. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961). That is, bad faith pleading only authorizes the court to look beyond the face of the complaint to determine whether jurisdiction exists, it does not necessitate dismissal of the complaint. Here, even taking Defendants' allegations about the amount in controversy as true, the amount in controversy requirement is still met. Therefore, regardless of bad-faith, jurisdiction is established. Accordingly, the Motion is **DENIED**.

## CONCLUSION

The Court has considered Defendants' Motion to Dismiss. (Doc. 15.) For the above stated reasons, the Court finds that Plaintiff has met the amount in controversy requirement, establishing diversity jurisdiction. Accordingly, the Motion is **DENIED**.

SO ORDERED this 16th day of March, 2010.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5